IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QWEST CORPORATION,

    Plaintiff,

vs.                                                     Civil No. 05-530 WJ/DJS

BEN R. LUJAN, et al.,

    Defendants,

and

GENERAL SERVICES DEPARTMENT,

    Intervenor.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL BRIEF, ORDERING THE CLERK OF COURT TO FILE BRIEF,  AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

    THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Leave to File Supplemental Brief (Doc. 41) and Plaintiff's Motion for Reconsideration (Doc. 35).  Having considered the motions, I will grant Plaintiff's motion to file a supplemental brief and will order the clerk's office to cause the brief, currently attached to the Plaintiff's motion as Exhibit 2, to be filed and docketed separately in this action.  After considering the arguments in the parties' briefs on Plaintiff's motion for reconsideration, including the supplemental brief, I conclude the motion is not well taken and will be denied.

    The Court entered a Memorandum Opinion and Order on February 24, 2006 granting the Defendants' Motion to Dismiss.  See Docket No. 33.  In that Memorandum Opinion and Order, I concluded that this Court lacks subject matter jurisdiction over Plaintiff's claims under the

Johnson Act, 28 U.S.C. § 1342.  Id.  Integral to this holding was my underlying conclusion that the state regulatory order at issue in this case is an "order affecting rates" as that term is construed for purposes of the Johnson Act.  Id.

On March 10, 2006, Plaintiff filed its Motion for Reconsideration.  In support of the motion, Plaintiff stated that the Court's conclusion that the state regulatory order was an "order affecting rates" was incorrect and that the Court had been inadequately briefed on the issues regarding the Johnson Act before entering its Memorandum Opinion and Order because Plaintiff had been required to abide by the Court's page limits.  Plaintiff then gave the Court what it presumably considers adequate briefing on the Johnson Act.

On July 6, 2006, Plaintiff filed its motion to file a supplemental brief.  In that motion, Plaintiff informs the Court that the New Mexico Supreme Court has decided Plaintiff's state court appeal of the state regulatory appeal and argues that the New Mexico court's decision supports Plaintiff's motion for reconsideration.

With regard to Plaintiff's contention that this Court should reconsider its prior ruling because the Court reached the wrong conclusion, this Court is not inclined to reconsider its ruling because one of the parties disagrees with it.  The Court actually expects that at least one party will disagree with most of its rulings.  The Court thoughtfully considered its ruling but if such ruling happens to be erroneous or contrary to law, the Court is quite confident that the Tenth Circuit Court of Appeals will not hesitate to so hold.

Plaintiff argues that the Court did not receive adequate briefing on the issues surrounding the Johnson Act because Plaintiff's ability to brief the issue was affected by the Court's page limitations.  Plaintiff is correct that Defendants' motion to dismiss raised a host of issues and that

Plaintiff's response addressed all of these issues within the Court's page limits. However, the Court notes that Plaintiff made no request to exceed the page limit for its response brief which Plaintiff surely would have done if it had felt that its ability to respond to any of the issues raised in the motion to dismiss was prejudiced by the Court's page limitations. In any event, the Court believes it was more than adequately briefed on the initial motion to dismiss as there was nothing raised in Plaintiff's motion to reconsider that persuades the Court to reconsider.

With regard to the supplemental brief, the Court has read the New Mexico Supreme Court Opinion and Plaintiff's additional arguments. The Court does not read the New Mexico Supreme Court opinion as containing any analysis or conclusion that would alter this Court's holding that the state regulatory order at issue in this case is an order affecting rates and that the Court lacks subject matter jurisdiction pursuant to the Johnson Act.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Supplemental Brief (Doc. 41) is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk's Office shall cause to have the supplemental brief, attached to Plaintiff's motion as Exhibit 2, filed and docketed separately in this case.

IT IS FINALLY ORDERED that Plaintiff's Motion for Reconsideration (Doc. 35) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE